Ballinger *v.* Sherron.

### JOHN BALLINGER v. WILLIAM SHERRON.

If upon a judgment rendered against two, in a court for the trial of small causes, one of the defendants refuses to join in a certiorari, this court, upon the return of the certiorari, will grant a rule upon the party refusing, to shew cause why the other party should not proceed alone. In such case, this court will grant time to file reasons for reversal.

A judgment against two, on the confession of one defendant, will be reversed.

A return of a summons, " served by reading the contents of the within, to the families of the defendants, at their place of abode," is insufficient.

A judgment had been rendered in this case, in the court for the trial of small causes, against Palsear Smith and John Ballinger, in favor of William Sherron. To remove which judgment, John Ballinger brought a certiorari in the name of both, but Palsear Smith refused to sign the certiorari bond, or to prosecute the certiorari. On the return of the certiorari to this court, at May term last, *A. L. Eakin,* in behalf of Ballinger, applied to the court, whether he must proceed by summons and severance, which would appear to be the proper course as laid down in *Penn.* 235, *Vanhouten* v. *Ellison ; ibid.* 687, *Cox* v. *Haines ;* and which, although always necessary in writs of error, (2 *Arch. Pr.* 210 ; *Tidd's Pr.* 1054, 1109) he doubted the necessity of such a course of proceeding in certiorari to justices courts ; and inasmuch as the rules in appeals in such cases,

had, been laid down to be more properly done by rule to shew cause,(4 *Halst.* 8, *Sheppard & Williams* vs. *Fenton*) it would be correct to use the same proceedings on certiorari ; and if such a rule was granted, the court had full power to grant time to the plaintiff to file his reasons for reversal, until such rule be served. 1 *Arch. Pr.* 210 ; 2 *Strange* 783.

BY THE COURT. We think, in cases like the one before us, the party prosecuting, need not proceed by summons and severance , but that he may proceed by taking a rule upon the party refusing to join, to shew cause why he should not prosecute the certiorari alone, according to the principle laid down in 4 *Halst.* 8 ; and also that the party have further time to file his reasons for reversal until such rule be served and returned.

At September term, the rule being duly returned, and no cause shewn, reasons for reversal were ordered to be filed, and now at this term, *Eakin* moved to reverse the judgment. First, on account of the insufficient return of the summons, which was, " Served this summons by reading the contents to the families of the defendants at their place of abode. Wm. Hancock, *Con.*" and cited, *Penn.* 58, 63, 64, 85, 95, 155, 319, 474, 527 ; 6 *Halst.* 314.

econd, Because the judgment was rendered against both deendants, on the confession of one only ; and that contained in a letter to the justice and without evidence. 1 *South.* 355 ; 4 *Halst.* 249 : 4 *Burr.* 1996 ; *Penn.* 68.

BY THE COURT. The judgment must be reversed. Both objections are fatal.

Judgment reversed.

CITED in *Faulkner* v. *Whitaker*, 3 *Gr.* 440 ; *Pharo* v. *Parker*, 2 *Zab.* 755.